# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lucinda Gardner, as personal representative of the Estate of Linda B. Wynn,[1] | )<br>)<br>) |
| Plaintiff, | )<br>) Civil Action No. 6:16-959-RMG |
| vs. | )<br>) |
| Nancy A. Berryhill, Acting Commissioner of Social Security, | )<br>) **ORDER**<br>) |
| Defendant. | )<br>) |

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on May 10, 2017, recommending that the Commissioner's decision be affirmed. (Dkt. No. 21). Plaintiff thereafter timely filed objections to the R & R, and the Commissioner filed a response. (Dkt. Nos. 26, 27). For reasons set forth below, the Court adopts the R & R as the order of this Court, with further elaboration as set forth below.

---

[1] This suit was originally titled as "Lucinda Gardner, o/b/o Linda B. Wynn" when filed on March 25, 2016. (Dkt. No. 1). The Court has been provided documentation that Ms. Gardner was appointed the personal representative of Ms. Wynn's estate on December 9, 2015. (Dkt. Nos. 29, 29-1). The Court has corrected the title of this action to accurately reflect Ms. Gardner's status as the duly appointed personal representative of Ms. Wynn's estate.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

Under the regulations of the Social Security Administration, the Commissioner is obligated to consider all medical evidence and the opinions of medical sources, including treating physicians. 20 C.F.R. § 404.1527(b). This includes the duty to "evaluate every medical opinion we receive." *Id.* § 404.1527(c). Special consideration is to be given to the opinions of treating physicians of the claimant, based on the view that "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 404.1527(c)(2).

Under some circumstances, the opinions of the treating physicians are to be accorded controlling weight. Even where the opinions of the treating physicians of the claimant are not accorded controlling weight, the Commissioner is obligated to weigh *all* medical opinions in light of a broad range of factors, including the examining relationship, the treatment relationship, length of treatment, nature and extent of the treatment relationship, supportability of the opinions in the medical record, consistency, and whether the treating physician was a specialist. *Id.* §§ 404.1527(c)(1)-(5). The Commissioner is obligated to weigh the findings and opinions of treating physicians and to give "good reasons" in the written decision for the weight given to a treating source's opinions. SSR 96-2P, 61 Fed. Reg. 34490, 34492 (July 2, 1996). Further, since the Commissioner recognizes that the non-examining expert has "no treating or examining relationship" with the claimant, she pledges to consider their supporting explanations for their opinions and "the degree to which these opinions consider all of the pertinent evidence in your claim, including opinions of treating and examining sources." § 404.1527(c)(3).

## Discussion

### A. Impact of Claimant's Death on Survivability of Claims on Appeal

The claimant applied for Supplemental Security Income ("SSI") and DIB. The ALJ decision denying Ms. Wynn SSI and DIB was issued on June 16, 2014. Ms. Wynn filed a request with the Appeals Council for review of the adverse decision on August 4, 2014. Ms. Wynn died on November 11, 2015. Ms. Lucinda Gardner, the sister of Ms. Wynn, was appointed the personal representative of her estate by the Dorchester County Probate Court on December 9, 2015. Tr. 2-3, 371; (Dkt. Nos. 29, 29-1).

The Appeals Council dismissed Ms. Wynn's SSI claim on January 27, 2016 because Social Security Act regulations provide that SSI claims do not survive death under the circumstances present in this matter. 20 C.F.R. 416.1471(b), 416.542(b); Tr. 2. Social Security regulations provide, however, that DIB claims do survive the death of the claimant. 20 C.F.R. 404.503(b)(7). The Appeals Council denied review of the surviving DIB claim, and Ms. Gardner, on behalf of Ms. Wynn's estate, then appealed the denial of the DIB claim to this Court. Tr. 4-6; (Dkt. No. 1). Consequently, the only claim pending in this appeal in the DIB claim.

### B. The ALJ Providing Limited Weight to the Opinions of the Claimant's Treating Specialist Physician

By way of background, Plaintiff applied for DIB with an initial onset date of August 13, 2011, which was one day following an earlier ALJ decision of August 12, 2011 denying the claimant's application for Social Security disability benefits. The earlier decision concluded that the claimant retained the residual functional capacity to perform medium work. Tr. 76-83. The claimant's new application, with the August 13, 2011 onset date, was denied administratively,

and an administrative hearing before the ALJ on June 16, 2014. Thereafter, on August 4, 2014, the ALJ issued a decision finding that the claimant suffered from several severe impairments, including post-right ankle surgery, obesity, depression, and anxiety but nonetheless retained the residual functional capacity to perform less than the full range of medium work. Tr. 31-42. The ALJ found that there existed work in significant numbers available to the claimant, despite her impairments, and denied her application for Social Security disability benefits. *Id.*

Plaintiff filed an appeal to this Court following the Appeals Council's denial of review on the DIB claim. As previously stated, the matter was referred for initial review and handling to the Magistrate Judge, who issued an R & R on May 10, 2017, recommending that the decision of the Commissioner be affirmed. (Dkt. No. 21). Plaintiff thereafter filed objections to this Court, arguing that the ALJ's determination to give only "limited weight" to the opinions of the Dr. Perry Trouche, the claimant's treating psychiatrist, violated the provisions of the Treating Physician Rule. (Dkt. No. 26).

The ALJ explained that his decision to accord "limited weight" to Dr. Trouche's opinions, expressed in on an October 2012 questionnaire, was based upon the fact that these opinions were markedly different from his office notes. Tr. 39. Since the Commissioner is obligated to provide considerable deference to the opinions of a claimant's treating specialist physician, this Court made a *de novo* review of Dr. Trouche's office notes, his responses to the 2012 questionnaire, and the opinions of other qualified health providers in the record.

Dr. Trouche opined in the October 2012 questionnaire that the claimant was "markedly limited" in a broad array of areas, including ability to concentrate and maintain attention, ability to work with others, ability to complete a work week, and the ability to set realistic goals. Tr.

324-331. He attributed these limitation to the claimant's anxiety and depression. Tr. 329. Dr. Trouche documented a GAF score of 50.[2] There is no question that if Dr. Trouche's opinions were adopted, the claimant would be disabled under the Social Security Act.

Dr. Trouche's office notes, however, describe a far less compromised patient. Several months after completing the questionnaire, Dr. Trouche noted in his office record of January 24, 2013 that the claimant showed "good judgment and insight," her affect was appropriate, and she was "tolerating her psychiatric medications well." Tr. 333. In an office visit of July 24, 2013, Dr. Trouche described the claimant as having normal "thought content," "good judgment and insight," and no evidence of memory impairment. He also noted that while she complained of anxiety, she felt her medications were adequate. Tr. 343.

The claimant was also treated during this relevant time period by Dr. Irwin Linton, an internal medicine physician. Dr. Linton diagnosed the claimant with diabetes in April 2013 and prescribed medication. He observed thereafter that the claimant's blood sugar levels were better controlled and she was medically stable. Tr. 346-60. Dr. Linton documented in a January 3, 2014 office visit that the claimant was "generally doing well" and her anxiety was "well controlled." Tr. 357.

The ALJ referenced the opinions offered by a consulting psychologist, Dr. Mark McClain, from a 2009 evaluation, which found the claimant had anxiety and depression-related

---

[2] Under the standards the *Diagnostic and Statistical Manual of Mental Disorders* ("DSM IV") (American Psychiatric Association, 4th Edition, 1994), a Global Assessment of Functioning (GAF) score of 50 indicates "serious symptoms," including "serious impairment" in social or occupational functioning. DSM IV at 32.

problems but normal cognitive function and a GAF score of 65.[3] The ALJ gave limited weight to this report because it was prepared nearly two years before the asserted August 2011 onset date. He also gave "some weight" to the opinions of non-examining and non-treating experts, noting that these opinions were consistent with other record evidence. Tr. 37-8, 40.

The Court finds that the ALJ provided a reasoned basis to provide little weight to the opinions of Plaintiff's treating specialist physician, noting the inconsistency of his opinions expressed in the 2012 questionnaire to the physician's own office notes, the records of the claimant's treating internal medicine physician, and other record evidence. In the final analysis, where record evidence is conflicting in a Social Security claim, it is the duty of the fact finder to consider, weigh and reconcile that evidence and to make certain findings and conclusions from that evidence. So long as there is substantial evidence to support those findings and conclusions and the ALJ applied the proper legal standards, the District Court should not overturn the decision of the agency. Having now reviewed in detail the administrative record in this matter, the decision of the ALJ and the R & R of the Magistrate Judge, the Court finds that the Magistrate Judge ably and properly addressed the factual and legal issues and correctly concluded that the decision of the Commissioner should be affirmed. Therefore, the Court adopts the R & R as the decision of the Court.

## Conclusion

Based upon the foregoing, the Court hereby **AFFIRMS** the decision of the Commissioner.

---

[3] A GAF score of 65 reflects "mild symptoms," with "some difficulty" in social or occupational functioning " but "generally functioning pretty well." DSM IV at 32.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
June 7, 2017